## LEGG vs. OLNEY and ASHLEY.

Where the defendants attempted to show that a judgment by confession, between
other parties, under which the plaintiff claimed title to the goods in controversy,
was without consideration and collusive, and had given some evidence of a con-
federacy between the parties to the judgment, at the time it was confessed, to de-
fraud creditors ; *held*, that it was not competent for them to prove the declaration
of the defendant in the judgment, made *before* it was confessed, to the effect that
the plaintiff in the judgment was indebted to him, the defendant.
*It seems* that such declaration would be admissible if made at or after the time
of the confession of the judgment, and in furtherance of the common object.
*Per* BEARDSLEY, J.

ERROR from the Tioga common pleas.    Legg sued Olney
and Ashley before a justice of the peace, who, after a trial before
him, rendered judgment for the defendants, which judgment
was affirmed by the common pleas, on *certiorari*.

The action was trespass for a quantity of groceries formerly
owned by one John B. Macarge, which the plaintiff, as a con-
stable, had levied upon by virtue of two several executions
against Macarge, issued upon judgments confessed by him in
favor of Luke Crittenden.    The defendants claimed under an
assignment executed by Macarge on the 18th July, 1842, to the
defendant Olney, as a trustee for the creditors of Macarge.    On
the execution of the assignment, possession had been delivered

Legg *v.* Olney.

to Olney, but he suffered Macarge to retain the key of the shop in which the property was kept, and also to continue therein as his agent. The judgments were confessed and the executions issued on the 19th, and the levy was made on the 20th July, 1843, after which the defendants, Ashley acting in aid of Olney the assignee, took the goods from the shop, for which taking the action was brought. The plaintiff attacked the assignment as fraudulent against creditors, and the defendants insisted and undertook to prove that the judgments in favor of Crittenden were without consideration, fraudulent and collusive. After giving some evidence tending to that conclusion, the defendants offered to prove the declarations of Macarge made at a time shortly before the judgments were confessed, to show that instead of Macarge being indebted to Crittenden, the latter was the debtor of Macarge. An objection by the plaintiff to this evidence being overruled, the defendants proved that Macarge had stated that Crittenden owed him about eighty dollars, for which he promised to procure his note and turn it out to another creditor.

*N. W. Davis*, for the plaintiff in error.

*G. S. Camp*, for the defendants in error.

*By the Court*, BEARDSLEY, J. On the trial the defendants sought to prove that the judgments which Macarge confessed to Crittenden were fraudulent, and for this purpose offered to prove what Macarge had said about Crittenden's being indebted to him, prior to the time when these judgments were confessed, and when neither the plaintiff in the suit, nor Crittenden was present. This was objected to by the plaintiff, but was received, and testimony was given to show that Macarge had said Crittenden owed him about eighty dollars, and that he would obtain his note for what was due and turn it out to one of his creditors. This testimony may have had a decided influence upon the question of the integrity of these judgments, and it should not have been received. It was wholly inadmissible

between these parties, being the mere declarations of a third person. As there was some evidence of a combination between Macarge and Crittenden, to defraud the creditors of Macarge, *at the time* these judgments were confessed, subsequent declarations by Macarge, in affirmance of that combination, might have been good evidence against Crittenden, but statements made prior to the combination could not have been received under such circumstances. (*Cowen & Hill's Notes to* 1 *Phil. Ev. pp.* 177, 178.)

The case, as presented in the return, is exceedingly confused, and it is by no means readily perceived what grounds were assumed by the respective parties, or on what particular principle the case was determined. But the point stated is decisive, and the judgments must be reversed.

Judgments reversed.